UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DEVEN GEORGE,

                              Plaintiff,                        **COMPLAINT**

        -against-                                  Jury Demand

THE CITY OF NEW YORK,
P.O. ALBERT BARBOSA,
P.O. ALEXANDER LEON,
JOHN AND JANE DOES 1-5

                              Defendants.
------------------------------------------------------------------------x

Plaintiff DEVEN GEORGE ("Plaintiff") by and through his attorney, Vik Pawar, Esq., respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights, as secured by statutes and the Constitution of the United States.

## VENUE

2.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

3.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

4.    Plaintiff is a citizen of the United States, and at all relevant times a resident of the State of New York, Borough of Kings County.

5.    Defendant CITY of New York (hereinafter "CITY") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6.    Defendants Alexander Leon and Albert Barbosa, John and Jane Does 1-5 are or were employed by the CITY through at 83rd precinct.

## FACTS

7.    On June 25, 2024, plaintiff was hanging out with his friends outside 198 Knickerbocker Avenue, Brooklyn, New York.

8.    Neither plaintiff nor his friends were engaged in any illegal activities.

9.    Plaintiff was inside his vehicle and the defendants approached him and demanded that he exit the vehicle.

10.    Since plaintiff was peacefully sitting inside his car and had not committing any crime, he refused to obey the illegal and unlawful command.

11.    At that point, the defendants yanked and dragged plaintiff out of his car and caused him injuries.

12. Thereafter, without any legal justification, defendants dragged him to the 83rd precinct where he was unnecessarily strip searched, booked, processed and held I custody for 10 hours.

13. Prior tot his when plaintiff attempted to record the defendants' illegal behaviors they snatched the phone away from plaintiff and threw it on the ground.

14. Plaintiff appeared in court for over a year until the false charges against him were dismissed on July 15, 2024.

## AS AND FOR THE FIRST CAUSE OF ACTION
(False Arrest/Seizure/Excessive Force under 42
U.S.C. 1983)

15. Plaintiffs repeat and reallege all of the foregoing paragraphs as if fully set forth herein.

16. Defendants unlawfully seized and arrested plaintiff.

17. They used unnecessary force to effectuate the arrest.

18. They strip-searched plaintiff simply to degrade him and mocked him.

19. As a result, plaintiff's rights were violated.

## AS AND FOR THE SECOND CAUSE OF ACTION
(No Qualified Immunity Defense under NYC Law)

20.     Plaintiffs repeat and reallege all of the foregoing paragraphs as if fully set forth herein.

21.     Defendants are not entitled to Qualified Immunity because the NYC law prohibit such defense.

## AS AND FOR THE THIRD CAUSE OF ACTION
(Municipal Liability against the CITY for Monell)

22.     Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

23.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

24.     The aforementioned customs, usages, and practices of the CITY included, but were not limited to, arresting, assaulting individuals suspected of crimes without due process. In addition, the CITY engaged in a custom or practice of inadequate screening, hiring, retaining, training, disciplining and supervising its employees, which was the moving force behind the violation of Plaintiff's rights as described herein.

25.     In addition, the Defendant's superior officers whose duty was to review and screen all arrests for propriety upon presentation by the officer seeking to make an arrest routinely ratified such arrests without questioning the facts underlying same.

26.     Furthermore, the individual defendants have a practice and custom of ignoring the mandates of the patrol guide, which requires them to prepare several forms

before, and after an arrest is made. As a result of the failure of the CITY to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to the acts and conduct complained of herein

27.    This lack of inaction is a defacto policy that led to violation of plaintiff's constitutional rights.

## AS AND FOR THE FOURTH CAUSE OF ACTION
### (First Amendment Violation)

28.    Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

29.    Plaintiff attempted to record the defendants' unlawful behavior.

30.    Plaintiff was engaged in protected activity.

31.    Defendnats grabbed plaintiff's phone and threw it away.

32.    As a result plaintiff's rights under the First Amendment were violated.

## AS AND FOR THE FIFTH CAUSE OF ACTION
### (Malicious prosecution/Denial of Fair Trial))

33.    Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

34.    Defendnats fabricated charges against plaintiff.

35.    Plaintiff was forced to appear in court multiple times before the false charges against him were dropped.

WHEREFORE, Plaintiff demand judgment and pray for the following relief, jointly and severally, against the defendants:

    a.      Full and fair compensatory damages in an amount Two Hundred Thousand Dollars for each and every cause of action for each plaintiff against defendants (individually or collectively) or as determined by a jury;

    b.      Punitive damages in an amount to be determined by a jury;

    c.      Reasonable attorney's fees and the costs, expenses and disbursements of the action; and

    d.      Such other and further relief as appears just and proper.

**Dated**:   August 24, 2020
           New York, New York 10007

Respectfully,

Vik Pawar

6